F. T. NASH v. W. J. CAMPBELL, *Treasurer, &c.*

ORDERS OF PROBATE JUDGE; *Actions in District Court.* A petition in error will not lie to the supreme court, to review an order made by the judge of the probate court, refusing a temporary injunction, in a case pending in the district court.

*Error from Cloud District Court.*

ACTION by *Nash* against *Campbell*, as county treasurer, for an injunction. In the absence from the county of the district judge, *Nash*, in January 1874, applied to the probate judge, pursuant to the provisions of § 239 of the civil code for a temporary injunction; and from the refusal of said judge to grant said order, *Nash* appeals to this court.

*L. J. Crans*, for plaintiff, filed an elaborate brief, arguing that plaintiff was, under the law, entitled to an injunction.

He does not discuss the question whether an appeal would lie from the order of a probate judge in refusing to grant an injunction in an action pending in the district court.

*H. A. Hunter*, for defendant, contended first, that the probate judge had no jurisdiction, his powers being limited by § 8 of article 3 of the constitution. And second, the case could not be removed to the supreme court until heard before the district court, or a judge thereof. Const., article 3, § 10; Civil Code, §§ 541, 542. The probate judge is not a judge of the district court.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced in the district court of Cloud county for the purpose of perpetually enjoining the collection of a certain tax. The plaintiff then applied to the judge of the probate court, the judge of the district court being absent from the county, for a temporary injunction to restrain the collection of said tax until the case could finally be heard in the district court. The judge of the probate court refused to grant said temporary injunction, and of that refusal the plaintiff now complains. No application was made to the district court, or to the judge thereof, for a temporary injunction in this case, and no attempt has been made to have the district court or the judge thereof review the order of the probate judge refusing said temporary injunction.

The first question to be considered in this case, and the only one, if we answer this in the negative, is, whether a petition in error will lie to this court from an order of the probate judge refusing a temporary injunction. There is no law that authorizes any such thing. There is a statute that provides that, "The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: *First,* a final order. *Second,* an order that grants or refuses a continuance, discharges, vacates or modifies a provisional remedy, or grants, refuses, vacates, or modifies an

injunction," etc. (Civil Code, § 542.) This statute provides for and authorizes the supreme court to review an order made by the judge of the *district* court refusing an injunction. But there is no statute that provides for or authorizes the supreme court to review any order made by the *probate* judge.

This petition in error must therefore be dismissed, for want of jurisdiction in the supreme court to adjudicate upon matters involved therein.

All the Justices concurring.